UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS A. BASIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:12-cv-1341 |
| CC SERVICES, INC. and ILLINOIS | ) |
| AGRICULTURAL ASSOCIATION, | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dennis A. Basil filed a three-count Complaint against Defendants CC Services, Inc. and Illinois Agricultural Association. Count I alleges a violation of the Age Discrimination in Employment Act ("ADEA"). Count II alleges a violation of the Americans with Disabilities Act ("ADA"). Count III is a claim for retaliatory discharge under Illinois common law.

Defendants move to dismiss Basil's Complaint on the basis that Basil failed to exhaust his administrative remedies or, alternatively, failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Based on the analysis below, the motion is denied.

## BACKGROUND

The following facts are taken from the Complaint and are accepted as true for purposes of resolving Defendants' Motion to Dismiss. *Coates v. Ill. St. Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Basil started his employment with CC Services, Inc. on June 3, 1985, as a Claims Representative. (Compl. ¶ 9.) CC Services, Inc. is a company in the business of providing insurance services. (*Id.* ¶ 3.) When Basil was terminated by CC Services, Inc. on June 9, 2011, his title was Claims Representative III. (*Id.* ¶ 9.) Basil performed the duties of his job in a capable and proficient manner. (*Id.* ¶ 10.) Throughout Basil's employment, he was evaluated by

his supervisors and management personnel on a regular basis. (*Id.* ¶ 11.) Prior to his termination in June 2011, Basil received satisfactory evaluations and was given routine raises and job promotions. (*Id.* ¶ 11.)

While on duty, Basil was involved in an automobile accident in the summer of 2009; the accident caused Basil to file a workers' compensation claim. (*Id.* ¶ 12.) In August 2009, Basil suffered a fall while inspecting an insured's home; this resulted in a second workers' compensation claim. (*Id.* ¶ 12.) In February 2011, Basil sustained another on-duty fall, resulting in a third workers' compensation claim. (*Id.* ¶ 12.) Despite the work-related injuries he sustained, Basil continued to try to perform his work duties. (*Id.* ¶ 12.) Basil sustained three on-duty injuries, and subsequent to each injury, he sought medical treatment with the full knowledge of CC Services, Inc. (*Id.* ¶ 34.) Following each on-duty injury, Basil pursued a claim with the Illinois Workers' Compensation Commission. (*Id.* ¶ 34.)

In May 2011, Basil began to be treated by a cardiologist for heart issues. (*Id.* ¶ 13.) His cardiologist advised Basil that his strenuous work environment was harmful to his health and ordered him off work. (*Id.* ¶ 13.) Basil's cardiologist suggested he find a work position that was more sedentary. (*Id.* ¶ 13.) CC Services, Inc. failed to accommodate Basil's request for a more sedentary role. (*Id.* ¶ 13.)

In June 2011, management at CC Services, Inc. ordered Basil to have his cardiologist provide him with an authorization, allowing Basil to return to work in his position as a Claims Representative III. (*Id.* ¶ 14.) On June 7, 2011, Basil's cardiologist released him to return to work with restrictions. (*Id.* ¶ 15.) Upon Basil's return to work on June 9, 2011, he was called into a meeting and terminated from his position after twenty-six years of employment. (*Id.* ¶ 16.) CC Services, Inc. allegedly terminated Basil for "Unsatisfactory Performance (375)," with no

specific reasoning provided. (*Id.* ¶ 35.) CC Services, Inc. replaced Basil with a younger employee in his twenties. (*Id.* ¶ 17.)

Basil was refused reasonable accommodations for both his on-duty injuries and his cardiac condition. (*Id.* ¶ 17.) On January 4, 2012, Basil filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that his employer failed to accommodate his work restrictions, in violation of the ADA. (*Id.* ¶¶ 8, 18.) Basil further alleged he was discriminated because of his age, fifty-two, in violation of the ADEA. (*Id.* ¶ 18.) In his charge filed with the EEOC, Basil alleged he was retaliated against because he reported the actions of CC Services, Inc. to the EEOC. (*Id.*) The EEOC issued Basil a Notice of Right to Sue on January 23, 2012, and Basil received the Notice of Right to Sue on January 26, 2012. (*Id.* ¶ 8.) Thereafter, Basil commenced the present action in the Northern District of Illinois.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 569 n.14).

In addressing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations are accepted as true, and all reasonable inferences

3

are drawn in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*Iqbal*). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (2009) (*Brooks*) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

*Failure to Exhaust Administrative Remedies*

Defendants first allege that Count I and II of Basil's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because Basil failed to exhaust his administrative remedies. (Defs.' Mot. at 4.) Defendants assert that Basil's filing of his demand for his Notice of Right to Sue on the same day that he filed his Charge of Discrimination denied the EEOC an opportunity to investigate his charge. (*Id.* at 5.) Defendants argue that by immediately requesting his Notice of Right to Sue, Basil circumvented the EEOC's investigation process and failed to give Defendants an opportunity to resolve the matter before Basil filed his Complaint. (*Id.*)

In order to bring a claim of discrimination under Title VII, a plaintiff must timely file a charge with the EEOC, specifying the alleged discriminatory conduct; then, the plaintiff must wait for authorization from the EEOC to file a civil action (a "right-to-sue" letter). 42 U.S.C. § 2000e-5(b); *Conner v. Illinois Dept. of Natural Res.*, 413 F. 3d 675, 680 (7th Cir. 2005). The statute provides that after a charge is filed, the EEOC shall make an investigation of the charges and make a determination of reasonable cause within 120 days from the filing of the charge. 42 U.S.C. § 2000e-5(b). "The EEOC has also promulgated a regulation that permits the EEOC to

issue an early right-to-sue letter before 180 days has elapsed if: (1) the aggrieved party submits a written request for the early notice, and (2) an appropriate EEOC official determines 'that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.'" *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 858 (N.D. Ill. 2008) (*Krause*) (citing 29 C.F.R. § 1601.28(a)(2)). An early right-to-sue letter terminates any further investigation by the EEOC. 29 C.F.R. § 1601.28(a)(3). Once a right-to-sue letter issues, a plaintiff has ninety days to file suit. 42 U.S.C. § 2000e-5(f)(1) (2012).

In *Krause*, the defendant brought a motion to dismiss the plaintiff's complaint for failing, in part, to exhaust her administrative remedies. *Id.*, 571 F. Supp. 2d at 851. However, the court in *Krause* found that the plaintiff presented sufficient evidence to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because: (1) she filed a charge with the EEOC on June 7, 2007, alleging sexual harassment and constructive discharge; (2) the EEOC issued her a right-to-sue letter on June 26, 2007; and (3) the plaintiff filed her complaint within ninety days of receiving the right-to-sue letter. *Id.* at 859. The defendant argued that since the EEOC issued a right-to-sue letter to the plaintiff only nineteen days after she filed her charge, the EEOC failed to properly investigate the claim. *Id.* The court in *Krause* found that the plaintiff pled adequate allegations and, therefore, denied the defendant's motion to dismiss. *Id.* at 861.

Defendants rely on *Morris v. Albertson, Inc.*, No. 01-CV-2099, 2001 WL 936118, at *3 (N.D. Ill. Aug. 17, 2001) (*Morris*), in support of their argument that when a claimant fails to cooperate with the EEOC, a right-to-sue letter becomes irrelevant. (Def.'s Mot. at 6.) In *Morris*, the investigation of the plaintiff's charge was closed by the EEOC because of his failure to cooperate with an investigation; this basis was clearly indicated on the Notice of Right to Sue the

5

plaintiff received. *Morris*, 2001 WL 936118, at *1. However, the facts alleged in this case are distinguishable from *Morris*, because nothing in the facts presented indicate that Basil failed to cooperate with the EEOC.

Furthermore, the Notice of Right to Sue, issued on January 23, 2012, states that Basil's claim under the ADA "**must be filed in a federal or state court WITHIN 90 DAYS of [his] receipt of this Notice**; or [his] right to sue based on this will be lost." (Pl.'s Resp., Ex. 2.) In addition, the Notice of Right to Sue also states that Basil's claim under the ADEA "**must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice." *Id.* Therefore, because Basil exhausted his administrative remedies and followed the proper procedure required by the EEOC, Defendants' Motion to Dismiss is denied on the basis of a failure to exhaust administrative remedies.

*Failure to State a Claim Upon Which Relief May Be Granted*

To succeed on a claim under the ADEA, a plaintiff must eventually "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350 (2009). However, at the pleading stage, a plaintiff need only provide the defendant with fair notice of what claim is being alleged and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

To establish a *prima facie* claim for age discrimination under the ADEA, a plaintiff must present evidence that:

> (1) he was over forty years of age; (2) he performed his job according to the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees, not within the protected class, were treated more favorably.

6

*Alexander v. Cit Tech. Fin. Services, Inc.*, 217 F. Supp. 2d 867, 888 (N.D. Ill. 2002). However, much less is required of a plaintiff at the pleading stage. "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a *prima facie* case of . . . age discrimination." *Heinze v. Southern Illinois Healthcare*, No. 08–672–GPM, 2010 WL 276722, at *3 (S.D. Ill. Jan. 19, 2010) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002)). The Seventh Circuit has held: "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. A complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (*Tamayo*) (internal quotations omitted).

Because Basil alleges in his Complaint he is over forty years of age, suffered an adverse employment action, and that he was discriminated against based on his age while similarly situated employees were treated more favorably, Basil properly states a claim for discrimination under the ADEA. To survive a motion to dismiss, a plaintiff has to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 570). Because Basil has alleged a claim for age discrimination that is plausible, and creates an inference that Defendants may be liable for age discrimination against him, Basil's ADEA claim survives Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Similarly, Defendants' Motion to Dismiss Basil's claims under the ADA fail for the same reasoning: Defendants seek to hold Basil to a higher standard than what is required at a pleading stage. The ADA prohibits discrimination against a qualified individual by an employer on the basis of an employee's disability. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir.

2009); 42 U.S.C. § 12112(a). Basil sufficiently pled facts to support his claim of discrimination on the basis of his disabilities under the ADA.

In *Tamayo*, the Seventh Circuit explained that at this stage in the proceedings, it is unnecessary for a complaint to state all the ways in which the defendant was allegedly negligent. Rather, a complaint serves merely to put the defendant on notice of what the plaintiff is alleging, in order to allow the defendant to investigate the allegations and to plan a defense. *Tamayo*, 526 F.3d at 1081; *see also Twombly*, 127 U.S. at 1977. Accordingly, Defendants' Motion to Dismiss is denied, as Basil has alleged sufficient facts to put Defendants on notice as to his ADEA and ADA claims against them.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [9] is denied.

Date: 8-23-12

JOHN W. DARRAH
United States District Court Judge